THE PEOPLE *ex rel.* Fuller, Collector,

*v.*

THE PEORIA, DECATUR AND EVANSVILLE RAILROAD COMPANY.

*Filed at Springfield March 27, 1886.*

1. TAXATION—MUNICIPAL TAXATION—*an ordinance for levying taxes, as distinct from an appropriation ordinance—and of its requisites.* It is essential to the validity of municipal taxes levied by cities and villages incorporated under the general Incorporation act, that there shall first be passed and published an appropriation ordinance during the *first* quarter of the fiscal year, in which shall be specified the objects and purposes and amounts of the several appropriations, and after such ordinance has been published and become final, there shall be passed another ordinance levying the amount of all the legal appropriations upon the taxable property within the city or village. The appropriations can not be made and the taxes levied by the same ordinance.

2.  The statute requires that a city ordinance for the levy of municipal taxes shall specify, in detail, the purposes for which the appropriations are made and the amount appropriated for each purpose; and when the limit of the taxing power is less than the aggregate of such appropriations, the levying ordinance must specify how the sum levied shall be apportioned toward the several objects of appropriation, and a failure to do so will invalidate the ordinance, and vitiate the proceeding to collect the taxes.

3.  SAME—*when appropriation ordinance takes effect, so as to be deemed "legally made."* An appropriation ordinance of a city or village, under the general law, does not take effect until ten days after the same is published or posted as required by section 64 of the Incorporation act, and until then the appropriations specified therein do not become "legal and valid," and can not be said to have been "legally made."

APPEAL from the County Court of Coles county; the Hon. CHARLES BENNETT, Judge, presiding.

Mr. E. P. ROSE, for the appellant.

Messrs. STEVENS, LEE & HORTON, and Messrs. WILEY & NEAL, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This was an application, made at the May term, 1885, of the county court of Coles county, by the county collector of that county, for judgment against delinquent lands and lots in said county for the taxes of the year 1884. Appellee filed objections in said court to the rendition of judgment against its property for the corporation tax of the city of Mattoon. The county court sustained the objections and refused judgment against the property of appellee as to the taxes objected to, and thereupon this appeal was taken by the People.

Section 89, chapter 24, of the City and Village act, says: "The city council of cities and boards of trustees in villages shall, within the *first quarter* of the fiscal year, pass an ordinance, to be termed the annual appropriation bill,   *   *   * and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount

appropriated for each object or purpose." Section 111 of the same chapter, provides: "The city council in cities * * * may levy and collect taxes for corporate purposes in the manner following: The city council * * * shall annually, *on or before* the third Tuesday in September in each year, ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year, and by ordinance specifying in detail the purposes for which such appropriations are made, and the sum or amount appropriated for each purpose, respectively, levy the amount so ascertained upon all. the property subject to taxation within the city, * * * as the same is assessed and equalized for State and county purposes for the current year. A certified copy of such ordinance shall be filed with the county clerk of the proper county, whose duty it shall be to ascertain the rate per cent which, upon the total valuation of all property subject to taxation within the city, as the same is assessed and equalized for State and county purposes, will produce a net amount not less than the amount so directed to be levied."

In supposed obedience to the requirement contained in section 111, the city clerk of the city of Mattoon, on July 16, 1884, filed with the county clerk of Coles county the following document:

"*W. R. Highland, County Clerk, Coles County, Illinois:*

"By direction of the city council of. the city of Mattoon, I am authorized to notify you to extend on the tax books of Mattoon township and city, against the real estate and personal property within the territory of said city assessed therein, as tax levy, the sum of $20,300, according to law, to be for municipal purposes.

"I, J. S. Goodyear, city clerk of the city of Mattoon, certify the above to be a correct copy, as passed by the city council of the city of Mattoon, June 20, 1884.

"Given under my hand and the seal of the city of Mattoon, this 16th day of July, A. D. 1884.

J. S. GOODYEAR, *City Clerk.*"

During the trial in the court below, the People, by leave of the court, introduced in evidence and filed in the cause, on May 22, 1885, the following certified copy of an ordinance of the city of Mattoon, entitled "An ordinance relating to the annual appropriation and tax levy for the fiscal year 1884 and 1885:"

"Section 1. *Be it ordained by the city council of the city of Mattoon,* That for all necessary expenses and liabilities of said city for the fiscal year 1884 and 1885, there be appropriated the sum of $26,300, in detail, for the following purposes:

| | |
|---|---:|
| Salaries, | $5000 |
| Streets and drainage, | 7000 |
| Gas, | 1500 |
| Purchase of city building, | 3500 |
| Miscellaneous, | 2000 |
| Interest on city bonds, | 4300 |
| For water-works rent from August 1, 1884, to May 1, 1885, | 3000 |
| | $26,300 |

"Sec. 2. The city clerk shall notify the county clerk of Coles county to extend on the tax books of Mattoon township and city, against the real estate and personal property within the territory of said city assessed therein, as tax levy, the sum of $20,300, according to law, to be collected for municipal purposes.

"Passed by the city council of the city of Mattoon, this 20th day of June, A. D. 1884.

"Approved by me this 24th day of June, A. D. 1884.

(Signed)                    C. G. MAC, *Mayor.*

"Attest, John S. Goodyear, *City Clerk.*

"I, John S. Goodyear, city clerk of the city of Mattoon, hereby certify that the above and foregoing ordinance is a true copy of the annual appropriation and tax levy ordinance for the fiscal year 1884 and 1885, as it now appears on the ordinance records of the city of Mattoon, and on file in my office.

"Given under my hand, and seal of the city of Mattoon hereto affixed, this 20th day of May, 1885.

(Seal.)                         JOHN S. GOODYEAR,
                    *City Clerk of the City of Mattoon.*"

The city of Mattoon has been incorporated under the general law since 1879. The county clerk extended the tax of the city upon the books of the collector upon no other authority than that contained in the above notification, dated July 16, 1884, and addressed to him by the city clerk. No other appropriation bill or ordinance relating to the levying and assessing of the taxes for 1884 and 1885 was passed by the city council of Mattoon, except as above set forth.

The first objection is, that the city council did not pass an appropriation ordinance prior to the passage of the ordinance which purports to assess and levy the tax. Section 89 provides for an appropriation ordinance, and section 111 provides for an ordinance levying the amount of such appropriation upon the property subject to taxation. In this case the only ordinance was that passed on June 20, 1884, and the question is, whether the appropriation and the tax levy can be both embodied in the same ordinance.

The law certainly contemplated the passage of two separate ordinances at different times. Section 111 directs the city council to ascertain "the total amount of appropriations for all corporate purposes *legally made.*" The appropriations which they are to ascertain are those which have been already "legally made" at the time they are required to ascertain the total amount of them. This imports and implies a previous making of such appropriations in a lawful way. Section 64

of the City Incorporation act provides that all ordinances of cities and villages "making any appropriation," shall, within one month after they are passed, be published by at least one insertion in a newspaper, or by posting copies of the same in three public places, and that "no such ordinance shall take effect until ten days after it is so published." Hence, the appropriation ordinance required by section 89 to be passed "during the first quarter of the fiscal year," does not take effect until ten days after it is published. (*Riverside Co.* v. *Howell*, 113 Ill. 256.) Until that time has passed, the appropriations which it specifies do not become legal and valid, and can not be said to have been "legally made." (*Barnett* v. *Newark*, 28 Ill. 62.) The ordinance required by section 89, which fixes the amount of the appropriations and specifies their objects and purposes, should become a law before the ordinance required by section 111, which directs the levy of a tax to meet the amount of such appropriations, is passed by the city council. The publication of the appropriation ordinance, and the delay of ten days before its going into effect, were intended to give taxpayers notice of its provisions, and, in many cases, might lead to changes in the amounts specified, before final adoption. In such event, any steps taken for the levying of the tax before the expiration of the ten days, would be premature. In commenting upon sections 64 and 111, in *Mix* v. *The People*, 106 Ill. 425, we said: "The ordinance making the city tax levy included in this case, was adopted August 7, 1876. * * * We do not understand it to be necessary to publish the ordinance levying the taxes. Such ordinance presupposes *antecedent appropriations*, and merely makes a levy to raise money to pay appropriations *already made*. The total amount of appropriations legally made is required to be ascertained *prior to its passage*. We find * * * an ordinance of July 7, 1876, duly published, making appropriations for certain specified purposes, etc. * * * The appropriations then

were already made, and in strict compliance with the requirements of section 64.    The ordinance of August 7, 1876, only acted upon these appropriations, and provided for levying a tax to pay these amounts that had been appropriated."

We conclude, therefore, that the appropriations can not be made and the taxes levied by the same ordinance, as was attempted to be done by the city council of Mattoon on June 20, 1884.

It is still further objected by appellee, that the ordinance passed on June 20, 1884, can not be considered as properly making the assessment and levy of the corporation tax for 1884.    Its first section, as above quoted, appropriates the sum of $26,300, in specified amounts, for certain specified purposes.    Its second section directs the city clerk to notify the county clerk to extend on the tax book, etc., "as tax levy," the sum of $20,300."    There is a difference of $6000 in the amounts named in the two sections.    The balance of section 111 not embraced in the above quotation, is as follows : "And it shall be the duty of the county clerk to extend such tax in a separate column upon the book or books of the collector or collectors of State and county taxes within such city or village : *Provided,* the aggregate amount of taxes levied for any one (1) year, exclusive of the amount levied for the payment of bonded indebtedness or interest thereon, shall not exceed the rate of two (2) per centum upon the aggregate valuation of all property within such city or village, subject to taxation therein, as the same was equalized for State and county taxes of the preceding year."

The equalized valuation of the property in the city of Mattoon, for the year 1883, was $795,368.    Two per cent on this amount is $15,907.36, to which, if there be added $4300,— the amount to be raised for payment of bonded indebtedness,—the sum, to-wit, $20,207.36, is the total amount which the city had a right to levy for the fiscal year of 1884–1885,

and is less than $20,300 by the sum of $92.36. It thus appears that the amount which the county clerk was notified to extend upon the tax books was $92.36 greater than the amount which the council had a right to levy. If, as claimed by counsel for appellant, this would only make the levy invalid as to the amount of the excess over the legal limit, still, after applying $4300 on the city bonds, the second section does not specify how the remaining $15,907.36 is to be applied. After deducting $4300 from $26,300, it will be seen that section 1 appropriates $22,000 in certain specified amounts for six specified objects. The only amount which can be legally raised by taxation to meet this appropriation of $22,000, is $15,907.36. Section 2 does not in any way specify how the $15,907.36 is to be apportioned among the six objects named in section 1. It does not show how much is to be applied towards each of those objects. The statute requires that the levying ordinance shall "specify in detail the purposes for which such appropriations are made, and *the sum or amount appropriated for each purpose, respectively.*" It is true that section 1 does state the *purposes* for which the appropriations are made, and if the total amount appropriated was the same as the total amount directed to be raised by the tax levy, section 1 would also specify the amount "to be collected from the tax levy" for each purpose, respectively. But the amount for which the tax is to be levied, according to section 2 of the ordinance, is only $20,300, and not $26,-300. Neither section 1 nor section 2 specifies the part or proportion of $20,300 which is to be appropriated to "each purpose, respectively." We are therefore of opinion that no proper ordinance was passed levying the corporation tax of 1884, as required by section 111 of the City Incorporation act.

The judgment of the court below is affirmed.

*Judgment affirmed.*