THE PEOPLE *ex rel.* R. M. Sullivan, County Collector,

*v.*

WILLIAM L. FLORVILLE.

*Opinion filed December 16, 1903—Rehearing denied February 4, 1904.*

1. MUNICIPAL CORPORATIONS—*the method for levying taxes must be strictly followed.* The provisions of the statute prescribing methods by which a city may levy taxes are for the benefit and protection of the tax-payers, and must be strictly followed.

2. SAME—*appropriation ordinance not in force until after publication.* Under section 3 of article 5 of the City and Village act the appropriation ordinance required by section 2 of article 7 of the same act is not in force until ten days after its publication.

3. SAME—*tax levy ordinance passed before appropriation ordinance is in force is void.* A tax levy ordinance passed after the appropriation ordinance is passed and signed, but before it has been published, is void.

4. SAME—*appropriation for library purposes is governed by the law applying to general appropriations.* An appropriation by a city for library purposes must be included in the general appropriation bill and the tax levied therefor as other taxes, and hence is governed by the law with reference to general appropriations.

5. SAME—*when amendment to appropriation ordinance is void.* An additional appropriation ordinance passed by a city as an amendment to the general appropriation ordinance is without authority and an additional tax levy ordinance based thereon is void, where the proposition to make such appropriation was not sanctioned by the voters of the city, as required by section 2 of article 7 of the City and Village act.

APPEAL from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding.

ALBERT SALZENSTEIN, and ARTHUR FITZGERALD, for appellant:

No error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the tax, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof. Hurd's Stat. 1901, chap. 120, sec. 191, p. 1476; *Buck* v. *People,* 78 Ill. 560; *Moore* v. *Fessenbeck,* 88 id. 422; *Railroad Co.* v. *Surrell,* id. 535; *Rail-*

*road Co.* v. *People,* 171 id. 250; *Railroad Co.* v. *People,* 183 id. 247; *Railroad Co.* v. *People,* 190 id. 20.

An ordinance becomes a law after its passage by the city council and approval by the mayor, even though it does not go into effect until after publication. Hurd's Stat. 1901, chap. 24, art. 3, sec. 18, p. 282; *People* v. *Inglis,* 161 Ill. 256; *Guild* v. *Chicago,* 82 id. 472; *People* v. *Reynolds,* 5 Gilm. 12; *Roodhouse* v. *Johnson,* 57 Ill. App. 73; *Standard* v. *Industry,* 55 id. 523; *King* v. *Chicago,* 111 Ill. 63; *Stuhr* v. *Hoboken,* 47 N. J. L. 147.

An *obiter dictum* is an opinion expressed by the court, but which, not being necessarily involved in the case,. lacks the force of an adjudication. 1 Bouvier's Law Dic. 476; 9 Am. & Eng. Ency. of Law, (2d ed.) 452; *Carrol* v. *Carrol,* 16 How. 275; *Cohen* v *Virginia,* 6 Wheat. 399; *Mayer* v. *Ehrhardt,* 88 Ill. 452; *Frantz* v. *Brown,* 17 S. & R. 292.

What was said about a prior publication of an appropriation ordinance to make a tax levying ordinance valid, in the opinion in the case of *People* v. *Railroad Co.* 116 Ill. 410, was not necessarily involved in that case, and is not binding upon this court.

The library tax and tax for payment of first installment of purchase price of new library site did not require a prior publication of an appropriation ordinance. *Railroad Co.* v. *People,* 200 Ill. 623; Library act, secs. 1, 13.

Charles P. Kane, and Scholes & Barber, for appellee:

An appropriation ordinance must be passed during the first fiscal quarter, which shall specify the amounts of the several appropriations. Hurd's Stat. 1899, chap. 24, sec. 89.

Such appropriation ordinance must be published within one month after its passage, in a newspaper published in said city, or by posting, as the case may be, and shall not take effect until ten days after such publication. Hurd's Stat. 1899, chap. 24, sec. 64.

After the expiration of ten days, and on or before the third Tuesday in September, a second ordinance must be passed, levying the amount of such appropriations. A certified copy of the latter ordinance must be filed with the county clerk. Hurd's Stat. 1899, chap. 24, p. 111.

No valid tax levying ordinance can be passed except to levy and assess appropriations that before such passage have been legally made, to defray the expenses and liabilities of the corporation. Two steps are necessary in order that such appropriations may be legally made: First, the passage of an ordinance determining the amount of such appropriations; and second, the publication of such ordinance as required by law, for a full period of ten days. Any levy or assessment attempted before the ten days of publication have elapsed is premature, without legal authority, and void, for no ordinance making an appropriation can take effect until ten days after its publication. Hurd's Stat. 1899, chap. 24, sec. 64.

PHILIP B. WARREN, H. L. CHILD, and SHUTT & GRAHAM, (BLUFORD WILSON, of counsel,) also for appellee:

Provisions of the statute designed for the protection of the tax-payer are mandatory, and a disregard of them will render the tax illegal. *Railway Co.* v. *People,* 193 Ill. 594; *Vieley* v. *Thompson,* 44 id. 9; *People* v. *Railroad Co.* 116 id. 410; *Riverside Co.* v. *Howell,* 113 id. 256; *People* v. *Smith,* 149 id. 549.

The statute requiring publication of an appropriation ordinance, and that it should not take effect until ten days after it is so published, was designed for the protection of the tax-payer. *People* v. *Railroad Co.* 116 Ill. 410; *Cairo* v. *Campbell,* id. 305; *Riverside Co.* v. *Howell,* 113 id. 256.

Appropriations have not been legally made until ten days have elapsed after publication of an appropriation ordinance properly passed. *Riverside Co.* v. *Howell,* 113 Ill. 256; *People* v. *Railroad Co.* 116 id. 410; *Cairo* v. *Campbell,* id. 305; *Barnett* v. *Newark,* 28 id. 62.

A city council has no power to levy until there have been appropriations legally made upon which to base such levy.  *Riverside Co.* v. *Howell,* 113 Ill. 256; *People* v. *Railroad Co.* 116 id. 410; *Cairo* v. *Campbell,* id. 305; *Mix* v. *People,* 106 id. 425.

The substantial justice of the tax is affected if it is one which the authorities attempting to impose it have no power to impose.  *Railway Co.* v. *People,* 193 Ill. 594.

Section 191 of the Revenue act does not cure defects which affect the substantial justice of the tax.  *Railway Co.* v. *People,* 193 Ill. 594.

Where the taxing authorities had no power to levy at the time they attempted to levy, the tax is void and an injunction will lie to restrain its collection.  *Kochersperger* v. *Larned,* 172 Ill. 86; *Vieley* v. *Thompson,* 44 id. 9; *Railroad Co.* v. *Hodges,* 113 id. 323; *Drummer* v. *Cox,* 165 id. 648; *Briscoe* v. *Allison,* 43 id. 291.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an application made at the June term, 1903, of the county court of Sangamon county, by the county collector of that county, for judgment against delinquent lands and lots in said county for the year 1902.  Appellee filed objections to the rendition of judgment against his property for the corporation taxes of the city of Springfield.  The county court sustained the objections and refused judgment against his property as to the taxes objected to, and thereupon this appeal was taken by the People.

The city of Springfield is organized under the general law, and its fiscal year begins March 1.  On March 3, 1902, its city council passed an annual appropriation bill or ordinance, appropriating for the various items of city government and expenses the sum of $271.914, and also $8000 for library expenses, and $6000 in payment of the first installment on library site.  After this ordinance was passed it was signed by the mayor, and immediately

after its passage, on the same night, the city council passed a tax levy ordinance, levying for city government and expenses the sum of $133,511, together with the $8000 for library expenses and $6000 for library site.   The appropriation ordinance, as passed, was published for the first time on March 5, 1902, and thus became in full force and effect on March 15, 1902.   On March 17, 1902, the city clerk of the city of Springfield filed with the county clerk of Sangamon county a certified copy of said tax levy ordinance, as provided by statute.   On August 11, 1902, the city council passed an amendment to the appropriation ordinance of March, appropriating the sum of $7000 for the purpose of re-building the town branch sewer, and on September 8, 1902, an amendment to the tax levy ordinance, levying the sum of $7000 as a special sewer fund for the purpose of re-building the town branch sewer.   This amendment to the tax levy ordinance was also duly certified by the city clerk to the county clerk. The county clerk duly extended all of the taxes, as above levied, against the property of appellee, but when they became due and payable he refused to pay the same, and upon this application of the county collector for judgment filed his objections to said taxes, which, as stated above, were sustained by the court and this appeal was prayed.

The first objection made by appellee is to the appropriation ordinance and tax levy passed on March 3, 1902. His objection is, that at the time of the passage of said tax levy ordinance there was no appropriation ordinance in full force and effect, as the one passed March 3 had not been published at that time as required by statute, and that this was a condition precedent, and therefore the tax levy ordinance was void.   The validity of this objection must depend upon the construction of paragraphs 64, 89 and 111 of chapter 24 of our statutes. (Hurd's Stat. 1899, pp. 279, 282, 286.)   Paragraph 89 provides that the city council "shall, within the first quarter

of each fiscal year, pass an ordinance, to be termed the 'annual appropriation bill, in which such corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation." Paragraph 111 provides that the city council "shall, annually, on or before the third Tuesday in September in each year, ascertain the total amount of appropriations for all corporate purposes *legally made* and to be collected from the tax levy of that fiscal year; and, by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose, respectively, levy the amount so ascertained upon all of the property subject to taxation within" said city. Paragraph 64 provides that "all ordinances of cities * * * making any appropriation, shall, within one month after they are passed, be published at least once in a newspaper published in the city or village, or, if no such newspaper is published therein, by posting copies of the same in three public places in the city or village; *and no such ordinance shall take effect until ten days after it is so published.*"

The construction of these three paragraphs has been before this court in other cases, and while the facts were not exactly similar in those cases to the one at bar, yet the decisions therein, we think, give the proper interpretation or construction of said three paragraphs. In the case of *Riverside Co.* v. *Howell,* 113 Ill. 256, it was said, (p. 261,) speaking of paragraphs 89 and 111: "It will thus be seen that there is here, in the interest of the tax-payer, most careful provision made against extravagance of expenditure and abuse of the power of taxation. There is to be passed within the first quarter of each fiscal year the annual appropriation bill, wherein is to be appropriated such money as may be deemed necessary for all expenses and liabilities of the corporation, specifying the objects and purposes of the appropriations and

the amount for each object and purpose, which is to be published.   *   *   *   The power given to the city council to levy taxes is with a restriction as to the manner in which the power is to be exercised,—that the city council shall ascertain the total amount of appropriations legally made, and by ordinance levy and assess such amount so ascertained.   The act requires the annual appropriations to be first made within the first quarter of the fiscal year and their amount to be ascertained, and then that the levy and assessment should be made, by ordinance, for the amount.   These requirements of the statute we regard as for the protection of the citizen, and not directory, but mandatory.   The power of the taxing authority in such a case is limited by the manner and conditions prescribed for its exercise.   *   *   *   We view the requisite of the appropriation ordinance as a limitation upon the power of the city council to levy the tax. The failure to pass such ordinance is not a mere formal defect, and so is not cured by section 191 of the Revenue law.   *   *   *   The want of an appropriation ordinance we look upon as a defect in the proceedings which makes the city tax illegal,—which surely affects the substantial justice of the tax."

In the case of *People ex rel.* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410, it was again held (p. 414): "The law certainly contemplated the passage of two separate ordinances at different times.   Section 111 directs the city council to ascertain 'the total amount of appropriations for all corporate purposes *legally made.*' The appropriations which they are to ascertain are those which have been already legally made at the time they are required to ascertain the total amount of them.   This imports and implies a previous making of such appropriation in a lawful way.   Section 64 of the City Incorporation act provides that all ordinances of cities and villages 'making any appropriation' shall, within one month after they are passed, be published,   *   *   *   and

no such ordinance shall take effect until ten days after it is so published. Hence the appropriation ordinance required by section 89 * * * does not take effect until ten days after it is published. Until that time has passed the appropriations which it specifies do not become legal and valid and cannot be said to have been legally made: * * * The publication of the appropriation ordinance and the delay of ten days before its going into effect were intended to give tax-payers notice of its provisions, and in many cases might lead to changes in the amounts specified before final adoption. In such event, any steps taken for the levying of the tax before the expiration of the ten days would be premature."

It is insisted, however, by appellant, that a part of these decisions is mere *dictum,* and not necessary to a proper consideration and decision of the case in hand. Even if this be true, yet we are of the opinion that the decisions lay down the correct rule with reference to the requirements of said section. Judge Cooley, in his work on Taxation, (2d ed. 276,) says: "Where the power is found to have been conferred upon municipal corporations to levy a tax, if any question arises upon its extent or application the rule is that the power must be strictly construed. Municipal authorities, therefore, when they assume to tax, must be able to show warrant thereunder in the words of the grant, which alone can justify their action. They are to assume that they can tax only as the State in its wisdom has thought proper to permit."

A method is provided by statute by which the city council may levy its taxes. This method is clearly laid down in the statute, and it is the duty of the city council to follow it strictly. These provisions are made for the benefit and protection of the tax-payers. If no appropriation ordinance had been passed at all, or if it were fatally defective in any of its provisions or in the method of its passage, there can be no question but that a tax levy ordinance following it would be void, and we are of

the opinion that the same result must be reached here. At the date of the passage of the tax levy ordinance the appropriation ordinance had been passed and signed, but it had not been published and was not in full force and effect. In other words, the amount of tax necessary for the corporate purposes had not been legally ascertained. This appropriation ordinance was not in full force and effect until March 15, 1902, or twelve days after the passage of the said tax levy ordinance, and as no subsequent tax levy ordinance was passed after said appropriation ordinance took effect, by means of which said tax levy ordinance of March 3, 1902, was ratified and confirmed, we are forced to the conclusion that said tax levy ordinance was void. We have carefully considered the question whether it might not be held that the appropriation ordinance, after being duly published, would relate back to the date of its passage and approval, but have been unable to find authority for the position, and it seems diametrically opposed to our previous decisions above cited.

It is contended, however, by appellant, that the appropriations for library purposes are not governed by the law with reference to general appropriations, and sections 1 and 13 of the Library act are cited in support of the contention. A careful examination of these sections will show that the construction insisted upon is not warranted. Section 13 expressly provides that the appropriation for library purposes shall be included by the city council in its appropriation bill, and section 1 provides that said tax shall be levied as other taxes for city purposes. We are of the opinion that the county court properly sustained the objections to that tax also.

The second objection made by the appellee is to the amendment to the appropriation ordinance made on August 11, 1902, and the tax levy ordinance passed on September 8, 1902, in pursuance thereof. He insists said tax levy ordinance was void because the city had no power,

on August 11, 1902, to pass an appropriation ordinance. Paragraph 89 of chapter 24 provides that after the appropriation ordinance has been made during the first quarter of the fiscal year no further appropriations shall be made at any other time within such fiscal year, unless the proposition to make such appropriation has been first sanctioned by a majority of the legal voters of such city, either by a petition signed by them or at a general or, special election duly called therefor. There is no claim in this case that the appropriation as made on August 11, 1902, was sanctioned by a majority of the legal voters of said city in either of the modes pointed out by the statute. As this appropriation was not made during the first quarter of the fiscal year, we are of the opinion that under the foregoing section the city had no power to pass the amended appropriation ordinance or tax levy ordinance, and therefore both were void, and the county court committed no error in sustaining that objection.

For the reasons given, the order of the county court sustaining said objections will be affirmed.

*Judgment affirmed.*