## City of Chicago v. County of Cook.

### Gen. No. 13,439.

1. Library tax—*to whom payable.* A library tax is payable not to the library board but to the city.

2. Library tax—*how should be extended.* A library tax is properly extended as a part of the general tax levied upon behalf of the city with respect to which it is assessed.

3. Equity—*when has no jurisdiction of matter of accounting.* Equity has no jurisdiction to determine a question as to what amount collected in taxes, if any, a county has illegally withheld from a city; assumpsit is the remedy. The county is not a trustee for the city for which it collects taxes.

Bill for accounting, etc. Error to the Circuit Court of Cook County; the Hon. Julian W. Mack, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed October 3, 1907.

**Statement by the Court.** This is a writ of error to reverse a decree of the Circuit Court, dismissing, for want of equity, a bill filed by plaintiff in error against defendant in error. The parties will be referred to as complainant and defendant. It is stated in the bill, in substance, as follows: The complainant is incorporated under the act of 1872, for the incorporation of cities and villages, and, about April 1, 1872, passed an ordinance establishing a public library for the use and benefit of the inhabitants of the city of Chicago, which library is called in the ordinance The Chicago Public Library, and which ordinance has since continued in force. Since the establishment of said library, complainant, in pursuance of the statute authorizing the

City of Chicago v. County of Cook.

same, has annually levied a tax for the maintenance of the same. That the county clerk of Cook county has, in each year since the establishment by complainant of said library, extended the tax levied by complainant for the maintenance of the library as a separate tax from the taxes levied by complainant for its corporate purposes and for the payment of interest and principal of its corporate indebtedness, and has certified to the county collector an additional charge of two cents for said separate extension, on each tract or lot and each person's personal tax, by reason of the extension of said library tax in a separate column and as a separate tax, and the county collector has reserved each year, from the amount of said library tax payable to complainant, the amount so certified to him. The amounts so reserved by the county collector in the years 1898 to 1902, both inclusive, being more than $11,000 in 1898 and more than $12,000 in each of the succeeding years, are then set out in the bill. The county collector has, from time to to time, paid to the county treasurer of said county the said moneys so reserved by him, and the same are a trust fund for the benefit of complainant in the hands of said county. The county collector had no lawful right to extend said library tax, as a separate tax, in a separate column, or to reserve said moneys. The prayer is for an accounting, and that the moneys found due to complainant may be decreed to be paid to complainant by the defendant. The defendant demurred generally, and the court sustained the demurrer and dismissed the bill for want of equity.

JAMES HAMILTON LEWIS, COLIN C. H. FYFFE, and EDWARD J. BRUNDAGE, for plaintiff in error; COLIN C. H. FYFFE, of counsel.

HENRY A. LEWIS AND WILLIAM F. STRUCKMANN, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.
The questions discussed by counsel in their arguments are,

whether the city or the library board is the "authority" to which the library tax is payable, within the meaning of the statutes concerning fees and salaries; whether the library tax should or not be extended in a separate column from the general taxes levied by the city for its corporate purposes, and whether there is or not a complete and adequate remedy at law. These questions will be considered in the order stated.

Paragraph 11 of section 4 of "An act to provide for fees of certain officers therein named in counties of the third class, in force July 1, 1872, provides, in respect to the fees of the county clerk, as follows: "For extending other than state and county taxes, one cent for each tract or lot, and each person's personal tax, to be paid by the authority for whose benefit the tax is extended, and it shall be the duty of the county clerk to certify to the county collector the amount due from each authority, and the collector, in his settlement with such authority, shall reserve such amount from the amount due and payable to such authority." Hurd's Stat. 1874, p. 525. By an act approved and in force March 2, 1874, the compensation for such extension is increased to "two cents for each tax on each tract or lot, and each person's personal tax" (Hurd's Stat. 1903, p. 972,) and by an act in force July 1, 1905, the compensation for such extension is increased to three cents. Hurd's Stat. 1905, p. 1072. The amendatory acts provide, as does the act of 1872, that the fee for extension is "to be paid by the authority for whose benefit the tax is extended," and in providing that "the collector, in his settlement with such authority, shall reserve such amount from the amount due and payable by him to such authority." The defendant contends that the authority meant by the statute is, in respect to the library tax, the library board, and complainant contends that it is the city of Chicago. We think it very clearly that the authority intended is the city. It is the city which is authorized by the statute to establish and maintain a public library, and to levy taxes for that purpose, and it is the city that levies the tax and certifies the levy to the county clerk, and the

city is the authority to which taxes levied by it are due from and payable by the collector. The county collector has nothing to do with the county board. His settlement must be with the authority levying the tax, and this authority must be a corporate authority, because only corporate authorities can levy taxes, and the library board is not a corporate authority, because its members are neither elected by the people or appointed in a mode to which the people have given their consent. Harward v. St. Clair Drainage Co., 51 Ill., 130. The nine directors constituting the library board are appointed by the mayor, with the approval of the city council, and are removable by him, with the consent of the city council, "for misconduct or neglect of duty," and the people of the city never, by vote or otherwise, expressed their consent to the appointment of the directors of the library. The directors have no control of the money raised by taxation for library purposes except to expend it for such purposes, and can only procure such money from the city, and not at all from the county collector. Section 5 of the library act provides in respect to the directors: "They shall have the exclusive control of the expenditure of all moneys collected to the credit of the library fund, and of the construction of any library building, and of the supervision, care and custody of the grounds, rooms or buildings constructed, leased, or set apart for that purpose: Provided, that all moneys received for such library shall be deposited in the treasury of said city to the credit of the library fund, and shall be kept separate and apart from other moneys of such city, and drawn upon by the proper officers of said city, upon the properly authenticated vouchers of the library board." The words "shall be kept separate and apart from other moneys of said city" indicate, by necessary implication, that the library fund is city money.

We think the decision in The People v. Florville, 207 Ill., 79, 87, decisive that the tax for library purposes is a city tax. The court say: "It is contended, however, by appellant, that the appropriations for library purposes are not governed by the law with reference to general appropria-

tions, and sections 1 and 13 of the Library act are cited in
support of the contention. A careful examination of these
sections will show that the construction insisted upon is
not warranted. Section 13 expressly provides that the ap-
propriation for library purposes shall be included by the
city council in its appropriation bill, and section 1 pro-
vides that said tax shall be levied as other taxes for city
purposes."

Should the library tax be extended as a separate tax and
in a separate column from other city taxes, as contended
by counsel for the defendant?

The general law for the incorporation of cities and vil-
lages was approved April 10, 1872, at the same session of
the general assembly at which the act of 1872 providing
for the fees of certain officers in counties of the third class
was passed. Section 1 of article 8 of the city and village
incorporation law, after providing that the city council
shall ascertain the total amount of appropriations for all
corporate purposes legally made and to be collected from
the tax levy of that fiscal year, and by ordinance levy such
amount on all property in the city, subject to taxation, pro-
vides further, in this language: "A certified copy of such
ordinance shall be filed with the county clerk of the proper
county, whose duty it shall be to ascertain the rate per cent
which, upon the total valuation of all property subject to
taxation within the city or village, as the same is assessed
and equalized for State and county purposes, will produce
a net amount of not less than the amount so directed to be
levied and assessed, and it shall be the duty of the county
clerk to extend such tax *in a separate column* upon the book
or books of the collector or collectors of State and county
taxes within such city or village." Hurd's Stat. 1874, p.
231, and of 1895, p. 311. By this section the county clerk
is clearly directed to extend "the total amount of all ap-
propriations for corporate purposes" of the city, against the
taxable property in the city as assessed and equalized, ap-
plying the ascertained rate per cent to each lot, piece or
parcel of land and each person's personal tax, and to make

such extension in a separate column. The library tax is for a corporate purpose of the city within the meaning of the phrase corporate purposes, as defined by the Supreme Court. Wetherell v. Devine, 116 Ill., 631, 637.

The revenue acts are harmonious with section 1 of article 8 above referred to. Section 125 of the revenue act of 1872, in reference to the collector's books, provides, "Said books to contain proper columns for the extension of the several kinds of taxes." The word "kinds" refers to the State and county taxes and the taxes levied or certified to the county clerk by the divisions of counties mentioned in section 127, which provides: "The said clerk shall estimate and determine the rate per cent upon the proper valuation of property in the respective towns, townships, districts and incorporated cities, towns and villages in their counties that will produce, within the proper divisions of such counties, not less than the net amount of the several sums that shall be required by the county board, or certified to them according to law."

"Section 128. All State and county taxes shall be extended by the respective county clerks upon the property in their counties, upon the valuation produced by the equalization and assessment of property by the State board of equalization. Town, district, village, city and other taxes shall also be extended against such assessed and equalized valuation of property within their respective jurisdictions. In the extension of taxes, the fraction of a cent shall be extended as one cent."

These provisions are not materially changed by subsequent enactment, and evidently contemplate that all the taxes of an incorporated city, town or village, or other of the divisions mentioned, shall be extended together and in a column separate from the columns in which other taxes are extended. The contention of appellant's counsel that the library tax is for the benefit of the library board, and is a separate and distinct tax, and therefore should be extended in a column by itself, cannot be sustained. The

library act declares the library to be "for the use and bene-
fit of the inhabitants of the city," and the inhabitants of the
city are the city. Bouvier's Law Dictionary; Webster's Dic-
tionary. Shakespeare's language, "What is the city but the
people? True, the people are the city," is as applicable
now as it was in Queen Elizabeth's time.

It is true that by the incorporation law, article 1, section
8, the appropriation for each corporate purpose must be
specified, but it is "the total amount of appropriations for
all corporate purposes" which is required to be levied. Sec-
tion 4 of the same article provides, "Whenever any city or
village is required to levy a tax for the payment of any
particular debt, appropriation or liability of the same, the
tax for such purpose shall be included in the total amount
assessed by the city council or board of trustees and certi-
fied to the county clerk as aforesaid." The county clerk, in
extending the city taxes, has nothing to do with the differ-
ent appropriations made by the city council, but only with
"the total amount of appropriations for all corporate pur-
poses." If the county clerk can single out the appropriation
for the maintenance of the public library and extend the
tax for such appropriation in a separate column from other
city taxes, then he may so extend the tax for each and every
appropriation, thus multiplying the compensation fixed by
statute for extension by the number of appropriations. Such
cannot be the law.

It is averred in the bill "that the accounting to ascertain
how much is due to your orator, by reason of said reserva-
tions by the county collector, is complicated with credits
and debits, both for and against your orator and for and
against said county of Cook, and involves a mass of figures
and connections with other accounts, which would make it
inexpedient and impossible for a jury to pass intelligently
upon said accounts in any action at law." It is also averred
in the bill that "said sums, as aforesaid, being reserved by
the county collector, the same became and are trust funds
for the use and benefit of your orator in the hands of said
county of Cook."

In view of these averments counsel for complainant con-
tend that resort to a court of equity is necessary, while de-
fendant's counsel contend that the remedy, by action at law,
is complete and adequate.    It is not averred in the bill that
the city owes the county anything.    Therefore there are no
mutual accounts to be settled.    The only money alleged to
be due from the county to the city is the total of the sums
averred to have been reserved by the county collector in each
of several years and paid by him into the county treasury.
The prayer of the bill is that an accounting be had, etc., and
that said county of Cook may be decreed to pay over all such
moneys so found to be due to complainant, or held in trust
by said county for complainant.

Tax lists, books showing the extension of taxes, and war-
rants for the collection of taxes, are required by statute to
be kept by the county clerk.    Hurd's Rev. Stat., 1874, sec-
tions 123, 127, 132, 169.    These books are county records
and must be presumed to be in the possession of the county,
and if the tax for library purposes was extended in a column
separate from that in which other city taxes were extended,
these books will show each tract or lot and each person's
personal tax, and the compensation to be paid for extension
is fixed by statute.    Having these data, the sum reserved in
each year by the county collector can be readily ascertained.
The court, notwithstanding the general averments of the
bill, will not ignore, but will take notice of the statutory pro-
visions.    The complainant, as appears by the bill, ascer-
tained the sums claimed to have been illegally reserved by
the county collector in the years 1898 to 1902, both inclusive,
and the bill states the sums positively and not under a *videl-
icet*.    If the county collector paid into the county treasury
moneys illegally reserved by him, then an action at law for
money had and received by the county, which in equity and
good conscience it should pay to the city, will lie.    We do
not understand that the county is a trustee for the city, in
respect to the money, in the sense that a court of equity
has exclusive or even concurrent jurisdiction.

In Pomeroy's Eq. Juris., 3d ed., section 178, the author

says: "Cases in which the remedy is the mere recovery of money do not ordinarily come under the concurrent jurisdiction." This is also said in the same section, pages 216–218, "For example whenever an action at law will furnish an adequate remedy, equity does not assume jurisdiction because an *accounting is demanded or needed;* nor because the case involves or arises from fraud; nor because a contribution is sought from persons jointly indebted; *nor even to recover money held in trust,* where an action for money had and received will lie," citing in support of the last proposition, Crooker v. Randall, 58 Me., 355.

In County of Cook v. Davis, 143 Ill., 151, the bill alleged that Davis, while treasurer of the county, received divers large sums of money, the amount of which was unknown, for interest upon, or as compensation for, the loan or deposit with divers banks, bankers and other persons, whose names are unknown. The bill prayed for an accounting and payment. The Circuit Court dismissed the bill and the Supreme Court affirmed the decree, saying, among other things: "If the money alleged to have been received and not accounted for came to his hands as treasurer, and is by law secured to be paid by his official bond, suit at law could be maintained thereon. If he received funds not within the contract obligation of his bond, but which he is nevertheless bound by law to pay over to the county, an action at law affords ample remedy for enforcing the personal liability of appellee therefor, which is all that is sought by this bill. Where a court of law is competent to afford an adequate and ample remedy, courts of equity will remit the parties to the courts of law, where the right of trial by jury is secured to them. In such cases either party has a right to demand that the matter of the defendant's liability be submitted to a jury according to the course of the common law, and unless some special and substantial ground of equity jurisdiction be alleged, and, if necessary, proved, such as that a lien exists for the money demand which can not be adequately enforced at law, or that discovery is necessary to a recovery by complainant, or other like equitable considerations affect-

ing the adequacy of the remedy at law, courts of equity will decline to interfere."

In the case cited both elements relied on in this case, in support of equity jurisdiction, existed. An accounting was sought, and if money belonging to the county came to Davis' hands as county treasurer, he held it in trust for the county. A much stronger case for the interposition of a court of equity was stated by the bill in the case cited than is stated by the bill in this case.

The decree of the Circuit Court dismissing the bill for want of equity will be affirmed.

*Affirmed.*