(No. 22881.—▉▉▉▉▉▉▉

THE PEOPLE *ex rel.* H. C. Montgomery, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed April 17, 1935.*

BELLATTI, SAMUEL & ARNOLD, for appellant.

C. C. CARTER, State's Attorney, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Scott county for taxes against appellant's property for the year 1933. Appellant filed three objections. One was that the aggregate rate extended for county purposes for mothers' pensions rendered the county tax four cents per $100 in excess of the statutory maximum. This objection was sustained and needs no further consideration here. The second objection concerned an item in the county tax levy "for payment of outstanding legal indebtedness due and unpaid at the close of the fiscal year, $31,500." The ground of this objection is that the levy is indefinite and uncertain and did not sufficiently state the purpose of the tax though it constituted fifty-two per cent of the total tax levied for general county purposes. The third tax objected to was the village tax of the village of Bluffs. This objection is that there was at the time the tax levy ordinance was passed no valid appropriation ordinance of the village in effect. No questions of fact arise on the record.

It is said that the county tax is not sufficiently specific to comply with section 121 of the Revenue act. (Smith's Stat. 1933, p. 2368.) Under that section the county board is required to determine, at its September session, the amount of all taxes to be raised for all purposes, and when for several purposes the amount for each purpose shall be stated separately. In *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 224 Ill. 523, it was held that a levy "for payment of county claims, (janitor's services, supplies, repairs, improvements and current expenses,) $12,000," did not comply with section 121 of the

Revenue act, for the reason that the purpose, "payment of county claims," would include claims of every kind which might be presented against the county, and that the levy was not aided by the statement in parenthesis, as it was still indefinite as to how much was levied for defraying the expense of each of the items and added nothing to the general statement that the tax was levied for the payment of "county claims." A case very like the one before us is *People* v. *Toledo, St. Louis and Western Railroad Co.* 231 Ill. 498.) There the levy was "for unpaid claims, $20,000." This was held to be indefinite and uncertain, as the payment of "claims" was not equivalent to specifying claims allowed and for which orders and warrants had been drawn, and that it included claims of every kind that might be presented against the county. It was also in these cases held that it is neither necessary nor practicable that each particular claim which the tax is levied to pay shall be specifically stated or itemized, but it is there declared to be the duty of the authorities to specify the various purposes with reasonable certainty.

Appellee argues that under the facts of the case the items of indebtedness, with the exception of a judgment for $1937.87, are all in small amounts, that all the bills have been filed and passed upon by the board and allowed as just claims, and that the records of the board are as accessible to the tax-payer as if they had been set out in the tax levy. The record does not disclose that the claims against the county which counsel say are represented by this levy have been approved. Counsel refers to a certificate of the county clerk appearing in his brief, certifying that the claims included in the amount were just and true claims and had been approved by the county commissioners. Such a certificate is not a part of the record which the county court had before it and cannot be considered here. So far as this record shows, this levy stands in the same situation as that in *People* v. *Toledo, St. Louis and West-*

*ern Railroad Co. supra.* There is nothing to show that these claims had been allowed and warrants drawn for them. Therefore, so far as this record shows, there may be no record of the county board allowing the claims making up this item of levy, and the tax-payer would in such a case have no means of learning whether such bills had, in fact, been allowed and warrants for them ordered issued. If appellee was in possession of such facts it should have presented them to the county court. It was error to overrule this objection.

The facts concerning the objection to the village tax of Bluffs are that there was no valid appropriation ordinance in force and effect at the time of the passage of the tax levy ordinance. The fiscal year of the village of Bluffs begins on May 1. The village board on July 26, 1933, at a special meeting, adopted the annual appropriation ordinance, and thereafter, at the same meeting, adopted the annual tax levy ordinance, by which the sum of $10,000 was levied for village purposes. Such a tax levy ordinance is void unless there has been theretofore adopted and is in effect an appropriation ordinance. The appropriation ordinance was not in force and effect until ten days after its publication. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 281 Ill. 152; *People* v. *Day,* 277 id. 543; *People* v. *Peoria, Decatur and Evansville Railroad Co.* 116 id. 410.) In *People* v. *Florville,* 207 Ill. 79, a situation very like the one before us appeared and the tax levy ordinance was held void. This court has not departed from the rule above stated. The village tax was void and the county court erred in not sustaining objections thereto.

The judgment of the county court is reversed and the cause remanded, with directions to sustain objections to the county tax herein referred to and to the tax of the village of Bluffs.

*Reversed and remanded, with directions.*