*In re* APPLICATION OF COUNTY COLLECTOR.—McHENRY COUNTY CONSERVATION DISTRICT, Appellant, *v.* CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY *et al.*, Objectors-Appellees.)

Second District (1st Division) No. 74-161

Opinion filed February 20, 1976.

William J. Cowlin, State's Attorney, and Joslyn & Green, both of Woodstock, and Winston & Strawn, of Chicago (Ronald Butler, James R. Green, and David N. Stone, of counsel), for appellant.

Kell & Conerty and Mario J. Perez, both of Woodstock, Abbamonto & Szura, of Cary, and Glaeser, Burstein & Gates, of Dundee, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from the order of the circuit court of McHenry county sustaining the objections of the appellees to the taxes levied in 1971 by the McHenry County Conservation District (District). The District appeals.

On July 20, 1971, the Board of Trustees of the District adopted a tentative budget and appropriation ordinance for the fiscal year of July 1, 1971, through June 30, 1972. Copies of the appropriation ordinance were made available for public inspection between July 23 and August 23 and a public hearing was held thereon on August 23, 1971, on which date the Board of Trustees adopted a final appropriation ordinance. Notice of the availability of the ordinance and of the hearing was given in the *Woodstock Daily Sentinel* on July 23, 1971. Notice of the adoption of the final appropriation ordinance was given to the *Woodstock Daily Sentinel* to be published on August 27 and September 3, 1971. Because of the intervention of the Labor Day holiday weekend the second publication was published on September 7 instead of September 3, 1971. The pertinent statute, *infra*, provides that an appropriation ordinance shall be published "at least once a week for two weeks" and that an appropriation ordinance shall not take effect until ten days after it is "so published." On September 14, which was only seven instead of ten days following the second publication of the appropriation ordinance, the District adopted a levy ordinance based upon the figures of the August 23 appropriation ordinance.

The trial court sustained the appellees' objection to the taxes levied by the District based upon its conclusion that the levy was invalid because the appropriation ordinance upon which it was based had not gone into effect at the time of the adoption of the levy. The trial court found that the appropriation ordinance did not go into effect until ten days after its second publication (*i.e.*, until ten days after September 7) and that the levy ordinance adopted on September 14 was premature and thus void because it was not based upon an appropriation ordinance which was in effect. The District contends that this conclusion is in error because, regardless of whether or not the statutory notice provisions were complied with in this situation, the appellees had sufficient notice of the appropriation ordinance. Second, the District argues that a proper interpretation of the relevant statutory notice provisions leads to the conclusion that the failure to allow a ten-day period to elapse between the last publication of notice of the appropriation ordinance and the adoption of the levy does not invalidate the levy.

Analysis of the situation involved herein requires an examination of sections 8 and 13 of the Conservation District Act (Ill. Rev. Stat. 1971, ch. 57½, pars. 108, 113) and sections 3 and 4 of the Illinois Municipal Budget Law (Ill. Rev. Stat. 1971, ch. 85, pars. 803, 804). In pertinent part, section 8 of the Conservation District Act, under which Act the District herein was organized, provides:

"* * * All ordinances imposing any penalty or making any

appropriations shall be published at least once a week for 2 weeks in at least one newspaper  *  *  *.  No such ordinance shall take effect until 10 days after it is so published or posted."

Section 13 of the Conservation District Act provides in pertinent part as follows:

"The board of each district shall on or before the second Tuesday in September of each year, adopt a combined annual budget and appropriation ordinance as provided in the Illinois Municipal Budget Law.

*　*　*

After the adoption of the appropriation ordinance and on or before the second Tuesday in September of each year, the board shall ascertain the total amount of the appropriations legally made which are to be provided for from tax levies for the current year. Then, by an ordinance specifying in detail the purposes for which such appropriations have been made and the amounts appropriated for such purposes, the board shall levy  *  *  *."

Section 3 of the Illinois Municipal Budget Law provides in pertinent part as follows:

"The governing body of each municipality of this State, coming within the provisions of this Act, shall adopt a combined annual budget and appropriation ordinance  *  *  *.

*　*　*

Such budget and appropriation ordinance shall be prepared in tentative form  *  *  *  and in such tentative form shall be made conveniently available to public inspection for at least thirty days prior to final action thereon. At least one public hearing shall be held as to such budget and appropriation ordinance prior to final action thereon, notice of which shall be given by publication in a newspaper published in such municipality, at least one week prior to the time of such hearing."

Finally, section 4 of the Illinois Municipal Budget Law provides as follows:

"The failure by any governing body of any municipality to adopt an annual budget and appropriation ordinance, or to comply in any respect with the provisions of this Act, shall not affect the validity of any tax levy of any such municipality, otherwise in conformity with the law."

We first consider and, upon analysis reject, the District's first contention. Briefly restated, the District argues that it complied with section 13 of the Conservation District Act and section 3 of the Illinois

Municipal Budget Law by the procedures indicated above. The District then goes on to argue that in addition to this full compliance with sections 13 and 3, there was substantial compliance with section 8 of the Conservation District Act. As indicated above, following adoption of the final appropriation ordinance on August 23, a copy of the ordinance was published in the *Woodstock Daily Sentinel* on August 27 and on September 7. Under the provisions of section 8, an ordinance making an appropriation does not go into effect until ten days after its second publication. The District argues that the failure to allow these ten days to transpire should be considered a *de minimus* error, which should not be held to defeat the levy. In this regard, the District points out that under section 13 the District is required to adopt a levy ordinance on or before the second Tuesday in September of each year.

Thus restated, the District's argument is that the notices, opportunity for inspection and the public hearing provided appellees with significant protection against unfair or arbitrary action by the District. The District points out that appellees have failed to demonstrate or even allege injury due to the late second publication. Further, the District argues that the notice provided by section 8 is a mere formality since any change in the final appropriation ordinance would have required a new appropriation ordinance and, in light of the September 14 deadline for adoption of the levy, there was insufficient time therefor.

■■  In considering the merits of the District's first contention, we reject the argument that failure to comply with the requirements of section 8 may be excused as a *de minimus* error. It must be noted at the outset that the District failed to comply with sections 8 and 13 by failing to allow ten days to expire between the date of the second publication and the adoption of the levy ordinance. In numerous cases the Supreme Court has held that a grant of power to levy taxes must be strictly construed and that failure to comply with the statutory requirements is not a mere irregularity but is a fatal omission. (See, *e.g.*, *People ex rel. Smith v. McElroy* (1911), 248 Ill. 574, 577, 94 N.E. 81, 82.) Thus, since the provisions of section 8 are mandatory, as we hold below, and since its requirements must be strictly construed, we cannot hold that the admittedly substantial notice, opportunity to inspect and hearing afforded appellees were sufficient. The failure to allow ten days to transpire between the last publication of notice of adoption of the appropriation ordinance and adoption of the levy invalidate the levy.

We turn then to the District's contention that the levy is valid despite failure to allow ten days to elapse between the last publication of the appropriation ordinance and the adoption of the levy ordinance.

■■  We initially note the District's argument that the ten-day period

which must transpire before the appropriation ordinance is in effect, runs from the date of the first rather than from the date of the second publication under section 8. Under this argument, the levy is valid since it was adopted on September 14, or more than ten days after August 27, the date of first publication under section 8. We find, however, that section 8 of the Conservation District Act distinctly provides that two publications shall be made and that "[n]o such ordinance shall take effect until 10 days after it is *so published* or posted." (Emphasis added.) This statutory provision is capable of only one interpretation, and that is, the ordinance is not effective until ten days after the second publication. Thus, the appropriation ordinance was not in effect until September 17, or ten days after the second publication.

The District then argues that sections 8, 13 and the provisions of the Illinois Municipal Budget Law are *in pari materia* and should not be read separately. The District's suggested interpretation of these statutory provisions is as follows: Appellees were taxed pursuant to section 13 and not section 8. Section 13 directs the District to adopt a combined budget and appropriation ordinance "as provided in the Illinois Municipal Budget Law." The requirements of the Illinois Municipal Budget Law, in pertinent part, are that a tentative budget and appropriation ordinance be prepared, be made available for public inspection for 30 days prior to final action thereon, and a public hearing be held as to such ordinance with at least one week notice thereof. Under section 4 of the Illinois Municipal Budget Law, a levy which is otherwise in conformity with the law will be valid notwithstanding any failure to comply with the Illinois Municipal Budget Law, including a complete failure to adopt the final budget and appropriation ordinance. Thus, the provision of section 13 that an appropriation ordinance be adopted "as provided in the Municipal Budget Law" will, by operation of section 4, be completely excused. The District states that section 13 has only two relevant requirements as to appropriation ordinances. These are, first, that the appropriation as opposed to the ordinances embodying them, be "legally made"; and second, that the appropriation ordinance need only be adopted, rather than be effective, before adoption of the levy ordinance. Under this interpretation of the statutes, the District argues that section 8 is an obsolete provision, at least with respect to appropriation ordinances, providing no significant protection to the taxpayer, and its requirements should either be ignored or given a reasonable construction which validates the instant levy.

We reject this interpretation of the statutes involved herein. While a literal reading of section 4 would appear to excuse a failure to adopt an appropriation ordinance or a failure to comply with the Illinois Mun-

icipal Budget Law, it is apparent that in this case the District *did* in fact adopt an appropriation ordinance and *did* in fact comply with the Illinois Municipal Budget Law. In view of this, we find that section 4 has no application to the facts herein. Turning then to the other requirements of section 13, we find that the requirement that the Board ascertain the total amount of the appropriations "legally made" before enacting a levy ordinance relates back to the requirements of section 8, to-wit: publication at least once a week for two weeks followed by a ten-day period. Thus, the Board cannot legally levy until the requirements of section 8 have been complied with. In interpreting the phrase "legally made," the Supreme Court in *People ex rel. Fuller v. Peoria, Decatur & Evansville R.R. Co.* (1886), 116 Ill. 410, 414-15, 6 N.E. 459, 461, noted the following:

> "The appropriations which they are to ascertain are those which have been already 'legally made' at the time they are required to ascertain the total amount of them. This imports and implies a previous making of such appropriations in a lawful way. Section 64 of the City Incorporation act provides that all ordinances of cities and villages 'making any appropriation' shall, within one month after they are passed, be pubished by at least one insertion in a newspaper, or by posting copies of the same in three public places, and that 'no such ordinance shall take effect until ten days after it is so published.' Hence, the appropriation ordinance does not take effect until ten days after it is published. [Citation.] Until that time has passed, the appropriations which it specifies do not become legal and valid, and can not be said to have been 'legally made.' [Citation.]"

In numerous cases, the Supreme Court, in interpreting ordinances similar to that under consideration herein, has held that a levy enacted prior to the date an appropriation ordinance is in effect is void. Thus, in *People ex rel. Sullivan v. Florville* (1903), 207 Ill. 79, 69 N.E. 623, the City Council of Springfield passed their annual appropriation ordinance on March 3, 1902, and on the same night the counsel passed the tax levy ordinance. The appropriation ordinance as passed was published for the first time on March 5 and, under the applicable provisions of the ten-day notice statute relating to appropriation ordinances, the appropriation ordinance did not go into effect until ten days after it was so published—March 15. After quoting *People ex rel. Fuller v. Peoria, Decatur & Evansville R.R. Co.*, the court held that:

> "At the date of the passage of the tax levy ordinance the appropriation ordinance had been passed and signed, but it had not been published and was not in full force and effect. In other

words, the amount of tax necessary for the corporate purposes had not been legally ascertained." (207 Ill. 79, 87, 69 N.E. 623, 625.)

The court concluded that the tax levy ordinance passed before the expiration of that ten-day period was void.

In *People ex rel. Montgomery v. Wabash Ry. Co.* (1935), 360 Ill. 173, 195 N.E. 665, a similar factual situation was encountered where the village board adopted the annual appropriation ordinance and at the same meeting adopted the tax levy ordinance. The court held:

"Such a tax levy ordinance is void unless there has been theretofore adopted and is in effect an appropriation ordinance. The appropriation ordinance was not in force and effect until ten days after its publication." 360 Ill. 173, 176, 195 N.E. 665, 667.

Citing *People ex rel. Sullivan v. Florville*, the court found:

"* * * a situation very like the one before us appeared and the tax levy ordinance was held void. This court has not departed from the rule above stated. The village tax was void and the county court erred in not sustaining objections thereto." 360 Ill. 173, 176, 195 N.E. 665, 667.

In *People ex rel. Franklin v. Wabash R.R. Co.* (1944), 387 Ill. 450, 56 N.E.2d 820, the village of Kinderhook passed an appropriation ordinance on June 1, 1942. The tax levy ordinance was passed on July 6, 1942, but the appropriation ordinance was not posted for public inspection until July 7, 1942. The pertinent statute (Ill. Rev. Stat. 1943, ch. 24, par. 10—3), provides that an appropriation ordinance shall not take effect until ten days after it is so published or posted. The court held that the ten-day provision of the statute was mandatory and that the village tax was void.

Finally, in *People ex rel. Larson v. Thompson* (1941), 377 Ill. 104, 35 N.E.2d 355, the Supreme Court considered objections to taxes extended for the De Kalb County Forest Preserve District. The facts indicated that the appropriation ordinance passed by the Board of Commissioners of the Forest Preserve District was first published on September 8, 1939. The tax levy ordinance was passed on September 15, 1939. One of the objections to the legality of the tax levy ordinance was that it was passed within ten days from the date of the publication of the appropriation ordinance. The relevant statute involved therein, section 11 of the Forestry Act (Ill. Rev. Stat. 1939, ch. 57½, par. 12), was similar to section 8 of the Conservation District Act involved herein, with the exception that section 11 required only a single publication. Under section 13 of the Forestry Act, the Forest Preserve District could levy in the same manner as taxes are levied for city and village purposes.

Under paragraph 123 of the Cities and Villages Act (Ill. Rev. Stat. 1939, ch. 24, par. 123) cities and villages were required, following passage of an annual appropriation ordinance to, "ascertain the total amount of appropriations for all corporate purposes legally made ＊ ＊ ＊." In holding the Forest Preserve District levy void, the Supreme Court held:

"We have repeatedly held that cities and villages have no power to pass an ordinance levying taxes unless they have theretofore passed an appropriation ordinance, which appropriation ordinance is in force at the time the levy ordinance is passed. By the express language of the statute, the corporate authorities of cities and villages have no power to pass an ordinance levying taxes unless there is an appropriation ordinance in force. Under the Cities and Villages act an appropriation ordinance does not become effective until ten days after its publication, as provided in said act. By section 11 of the Forestry act an appropriation ordinance of a forest preserve district likewise does not become effective until ten days after its publication." 377 Ill. 104, 109-10, 35 N.E.2d 355, 358.

This court is not unmindful of some ambiguity or overlapping in the statutes under consideration herein and of the fact that we deal here with a statute requiring two rather than only one publication. However, as indicated above, the power to levy taxes is subject to a strict construction, and, the failure to allow ten days to elapse between the date of the second publication of notice of the adoption of the appropriation ordinance and the adoption of the levy ordinance deprives the taxing body herein of the power to legally levy. While the two publications required by section 8 may give the public unnecessary notice and an opportunity to object, this does not authorize this court to hold the requirements of section 8 invalid or unnecessary. A repeal of section 8 with respect to appropriation ordinances, or an amendment of its provisions is properly a legislative and not a judicial function. We, therefore, find that the requirements of section 8 were mandatory upon the District and its failure to comply therewith voids the instant levy.

The order of the trial court sustaining the objections of the appellees to the levy ordinance adopted on September 14, 1971, by the McHenry County Conservation District, by which appellees were assessed $32,-842.71 in taxes, is affirmed.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.