THE PEOPLE *ex rel.* H. C. Smith, County Collector, Appellant, *vs.* W. J. McELROY *et al.* Appellees.

*Opinion filed February 25, 1911.*

1. TAXES—*municipal corporation has no inherent right to levy taxes.* Before a municipal corporation can levy and collect taxes it must have express authority from the State, and the grant must be strictly construed and the methods prescribed substantially followed, as a failure to comply with the statutory requirements is not a mere irregularity but a fatal omission, which vitiates the tax.

2. SAME—*requirement that appropriation ordinance be passed within first fiscal quarter is mandatory.* The requirement of section 2 of article 7 of the Cities and Villages act that the appropriation bill or ordinance shall be passed within the first fiscal quarter is a provision in the interest of the tax-payer and a prerequisite to the passage of the tax levy ordinance, and a failure to pass the appropriation ordinance until after the first fiscal quarter is ended is a fatal omission, which renders the corporation tax invalid.

APPEAL from the County Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

C. N. HOLLERICH, and J. L. SPAULDING, for appellant.

JOHN W. BLEE, and DUNCAN, DOYLE & O'CONNOR, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county collector of Bureau county made application in the county court of that county for judgment and order of sale against the lands and lots of appellees for delinquent taxes for the year 1909. Appellees each filed objections to the rendition of judgment for the corporation tax of the village of Ladd. The objections being the same in each instance, the county court consolidated the causes and tried them as one. Upon hearing, the objections were sustained by the court and judgment refused, and thereupon this appeal was taken by the People.

The village of Ladd is incorporated under the general law, and its fiscal year, as fixed by ordinance, begins on the fourth Monday of April of each calendar year. On August 23, 1909, the board of trustees of the village of Ladd passed its annual appropriation bill or ordinance, which was duly published, and on September 14, 1909, being more than ten days after such publication, passed its tax levy ordinance, the same being based upon the appropriation ordinance passed on August 23. The levy ordinance having been certified to the county clerk, that officer extended the corporation tax as levied against the property of appellees in the village of Ladd. Upon the failure of appellees to pay the corporation tax when due, this application for judgment and order of sale by the county collector was made, and appellees filed their objections to said taxes, which were each based upon the ground that the appropriation bill or ordinance for the year 1909 was not passed within the first quarter of the fiscal year of said village, and that no further appropriation or appropriations were made at any time or in any manner within said fiscal year, and that for those reasons both the appropriation ordinance and the levy ordinance passed on September 14, 1909, were null and void.

The only question presented for our consideration is, whether that provision of the statute which states that the board of trustees of a village shall, within the first quarter in each fiscal year, pass the annual appropriation bill, is mandatory as to the time specified within which the appropriation bill shall be passed and must be complied with in order to render the levy ordinance valid.

The section of the statute in question is section 2 of article 7 of the Cities and Villages act, and is as follows: "The city council of cities, and board of trustees in villages, shall, within the first quarter of each fiscal year, pass an ordinance, to be termed the annual appropriation bill, in which such corporate authorities may appropriate such sum

or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation; and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose. No further appropriations shall be made at any other time within such fiscal year, unless the proposition to make each appropriation has been first sanctioned by a majority of the legal voters of such city or village, either by a petition signed by them, or at a general or special election duly called therefor." Section 3 of article 5 of the same act provides that all ordinances making any appropriation shall, within one month after the passage thereof, be published either in a newspaper published in the village or by posting copies of the same in three public places in the village, and that no such ordinance shall take effect until ten days after it is so published. Section 1 of article 8 of the same act provides that the board of trustees shall annually, on or before the third Tuesday in September in each year, ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year, and by ordinance levy the amount so ascertained upon all the property within the village subject to taxation, which ordinance shall be certified to the county clerk, who shall extend the amount levied on the tax books. Section 191 of the Revenue act provides that no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof.

The contention of appellant is, that under a proper construction of these sections of the statute, when considered together, the provision of said section 2 of article 7 that the appropriation bill or ordinance shall be passed within the first quarter of the fiscal year is not mandatory but

directory, merely, and that its passage during the fiscal
year at a time later than the end of the first quarter there-
of will not render the levy ordinance based upon such ap-
propriation ordinance void, for the reason that the time
of its passage does not affect the substantial justice of the
tax itself.   Appellees· rely solely upon the fact that the ap-
propriation bill was not passed during the first quarter of
the fiscal year, and contend that the provision of the statute
that the appropriation ordinance shall be passed within the
first quarter of the fiscal year is· mandatory.

.While this precise question has never before been pre-
sented to us, we have had presented questions which in-
volved the determination whether appropriation ordinances
had been passed within the first quarter of the fiscal year,
and the questions raised in those cases were determined
upon the theory that this provision of the statute is man-
datory.   (*Fairfield* v. *People,* 94 Ill. 244; *King* v. *City of
Chicago,* 111 id. 63.)   In *King* v. *City of Chicago, supra,*
in determining the question there raised, we stated that we
regarded the requirement that the annual appropriation bill
shall be passed within the first quarter of the fiscal year to
be to some extent in the interest of the tax-payer.

A municipal corporation has no inherent right to levy
taxes.   Before it can levy and collect taxes it must receive
express authority from the State to do so.   We have re-
peatedly held that a grant of power to levy taxes must be
strictly construed and that the methods prescribed by the
legislature must be substantially followed, and that a fail-
ure to comply with the statutory requirements is not a mere
irregularity but is a fatal omission, which vitiates the taxes.
(*Chicago and Alton Railroad Co.* v. *People,* 190 Ill. 20;
*People* v. *Atchison, Topeka and Santa Fe Railway Co.* 201
id. 365; *Cleveland, Cincinnati, Chicago and St. Louis Rail-
way Co.* v. *People,* 205 id. 582; *People* v. *Glenn,* 207 id.
50; *Chicago, Burlington and Quincy Railroad Co.* v. *Peo-
ple,* 213 id. 458.)   The requirement that the annual ap-
248—37

propriation bill shall be passed within the first quarter of the fiscal year being in the interest of the tax-payer, and being the prerequisite to the passage of a levy ordinance required under the grant of power to the municipal corporation to levy taxes, a failure to comply with it affects the substantial justice of the tax itself. That provision of the statute is mandatory and must be complied with.

Because of the failure of the village of Ladd to pass its appropriation ordinance within the first quarter of its fiscal year the county court properly sustained the objections to the corporation tax.

The judgment of the county court is affirmed.

*Judgment affirmed.*