THE PEOPLE *ex rel.* W. L. O'Connell, County Collector, Appellant, *vs.* FREDERICK P. READ *et al.* Appellees.

*Opinion filed February 21, 1914.*

1. TAXES—*annual appropriation ordinance must be passed within first quarter of fiscal year.* The annual appropriation ordinance of a city or village must be passed within the first quarter of the fiscal year, and it cannot be passed under section 2 of article 7 of the Cities and Villages act, referring to "further appropriations" to be sanctioned by petition or vote of the legal voters.

2. SAME—*when question of error as to costs cannot be considered.* Alleged error of the county court in requiring a separate appearance fee from each property owner objecting to an application for judgment and order of sale cannot be considered by the Supreme Court under an assignment of cross-error on an appeal by the People, where the clerk of the county court is not a party to the proceeding, as the controversy upon that question is between him and the property owners, the People not being liable for costs.

APPEAL from the County Court of Cook county; the Hon. D. T. SMILEY, Judge, presiding.

CARL R. CHINDBLOM, WILLIAM F. STRUCKMANN, and HENRY P. HEIZER, for appellant.

LLOYD S. BAILEY, and FREDERICK P. READ, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal on behalf of the People from an order and judgment of the county court sustaining appellees' objections and refusing to enter an order and judgment of sale for a tax levy on the property of appellees made by the village of Morgan Park for the fiscal year 1912. Said fiscal year of the village began April 16, 1912. It is admitted by appellant that the appropriation ordinance of the said village was passed the first day of the second quarter of the fiscal year.

The requirement that the appropriation ordinance be passed within the first quarter of the fiscal year has been repeatedly held mandatory by this court. (*People* v. *McElroy*, 248 Ill. 574; *King* v. *City of Chicago*, 111 id. 63; *City of Cairo* v. *Campbell*, 116 id. 305; *People* v. *Florville*, 207 id. 79.) This is conceded. It is insisted, however, by counsel for the People, that section 2 of article 7 of the City and Village act, which requires that the annual appropriation ordinance shall be passed within the first quarter of the fiscal year, also provides that "no further appropriations shall be made at any other time within such fiscal year, unless the proposition to make each appropriation has been first sanctioned by a majority of the legal voters of such city or village, either by a petition signed by them, or at a general or special election duly called therefor," (Hurd's Stat. 1911, p. 272,) and that under this provision it cannot be presumed, without specific proof, that the appropriations in question were not made under the above provision of said section as "further appropriations." The annual appropriation ordinance could not be passed, even by a vote of the people, under that part of said section quoted above. That provision refers to further appropriations,—other than those in the annual appropriation ordinance. That this is the proper construction to be placed

upon this section is manifest from reading the whole section. This court has heretofore practically given this construction to the section. (*Riverside Co.* v. *Howell,* 113 Ill. 256; *Litz* v. *Village of West Hammond,* 230 id. 310.) Moreover, it is clear from this record that the tax levy and the appropriation ordinances, under which this tax was attempted to be levied, were the annual appropriation and annual tax levy ordinances. The annual appropriation ordinance not having been passed as required by statute, the county court rightly sustained the objections of appellees.

It is unnecessary to consider the other points raised with reference to the validity of the tax levy.

Appellees filed cross-errors contending that the county court, contrary to the statute, required each individual property owner to pay a separate appearance fee. This proceeding was brought in the name of the People. Section 17 of the chapter on costs provides, that "in all suits and actions commenced or to be commenced for and on behalf of the people of this State, * * * or for or on behalf of any county of this State, or in the name of any person for the use of the people of this State, or any county," etc., costs cannot be recovered from the People. (Hurd's Stat. 1911, p. 619; *Attorney General* v. *Illinois Agricultural College,* 85 Ill. 516; *Deneen* v. *Unverzagt,* 225 id. 378; 8 Ann. Cas. 396, and note.) For the purposes of this argument, conceding that the appellees are right in their contention as to the appearance fees, they must recover their costs from the clerk of the county court. The controversy is between them and that official, who is not a party to this suit. Therefore, whatever holding we might make here on this question would not be binding as to the county clerk. (*People* v. *Wayman,* 256 Ill. 151; *Glos* v. *People,* 259 id. 332.) The validity of the judgment in this case does not require a decision on this point.

The judgment of the county court will be affirmed.

*Judgment affirmed.*