(No. 11070.)

THE PEOPLE *ex rel.* W. H. Outman *et al.* Appellants, *vs.* WEDRON J. WANMER, Appellee.

*Opinion filed December 21, 1916—Rehearing denied Feb. 9, 1917.*

1. QUO WARRANTO—*the court may, on motion, set aside order granting leave to file information.* Where it is made to appear to the court that the filing of an information in the nature of *quo warranto* has been improperly allowed under a misapprehension of the law or the facts, the court may, on motion during the term, set aside the order granting leave to file the information, and in hearing and deciding the motion the court may exercise discretion; but such discretion is purely judicial and not arbitrary, and must be exercised in conformity with strict principles of law.

2. DRAM-SHOPS—*dram-shop ordinance not excluded from provisions of section 48 of act providing commission form of government.* Dram-shop ordinances are not excluded from the provisions of section 48 of the act providing for the commission form of government, which declares that no ordinance shall go into effect until thirty days after its passage.

3. SAME—*an ordinance is necessary to authorize the issuing of a license to keep a dram-shop.* The power to grant licenses to keep dram-shops is conferred upon city councils by the Cities and Villages act, but such power can be put into operation only by the passage of an appropriate ordinance authorizing the issuing of licenses, determining the amount to be paid and other necessary details and which complies with the general law of the State with regard to dram-shop licenses.

4. SAME—*dram-shop license cannot be issued without an ordinance because city has by vote ceased to be anti-saloon territory.* A dram-shop license cannot be issued without the authority of an ordinance passed for that purpose even though that part of the city where the dram-shop is to be located has, by a vote of the people under the Local Option law, ceased to be anti-saloon territory.

5. MUNICIPAL CORPORATIONS—*council in city under commission form of government cannot disregard petition against ordinance.* The city council cannot refuse to reconsider an ordinance on the presentation of a petition by ten per cent of the voters within thirty days after the passage of the ordinance, as provided in section 48 of the act providing for the commission form of government, and when such petition has been presented to the council the ordinance is prevented from taking effect until it has been submitted to a vote of the people.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

GEORGE S. WILEY, State's Attorney, (STEAD, WOODWARD & HIBBS, and PETER M. MACARTHUR, of counsel,) for appellants.

E. C. VANHOORBEKE, BROWNE & WILEY, and JAMES J. CONWAY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The State's attorney of LaSalle county, in the name and on behalf of the People of the State of Illinois, on the relation of W. H. Outman and others, alleging themselves to be residents, citizens, voters and tax-payers of the city of Marseilles, presented to the circuit court of LaSalle county their verified petition for leave to file an information in the nature of *quo warranto* against the appellee, Wedron J. Wanmer, calling upon him to make answer to the People by what warrant he claimed to hold and execute the franchise, privilege and liberty to keep a dram-shop within the limits of the city. Leave was given and the information filed. The defendant being summoned, appeared and moved

the court to set aside the order granting the leave to file the information. The motion was granted, the leave set aside, the information dismissed and judgment entered in favor of the defendant against the relators for the costs. From the judgment this appeal was prosecuted.

The city of Marseilles is organized under the general act for the incorporation of cities and villages and the act providing for the commission form of government. (Laws of 1910, p. 12.) The following facts were alleged in the petition: A large portion of the city of Marseilles, including the business district, is within the town of Rutland, in LaSalle county. At the town election held on April 7, 1914, the town was made anti-saloon territory by a vote of the electors, which became effective thirty days thereafter. On May 8, 1914, an ordinance of the city was passed prohibiting the sale of intoxicating liquors. At the town election on April 4, 1916, there was a vote on the proposition whether the town should continue to be anti-saloon territory and it was decided in the negative, and the vote became effective on May 4, 1916. On April 17, 1916, before the vote had taken effect, the council passed an ordinance authorizing the issuing of licenses to keep dram-shops within the city, fixing the amount of the license fee, bond and other conditions. On May 1, 1916, the council passed another ordinance repealing the prohibitory ordinance of May 8, 1914. A petition protesting against the passage of the ordinance of April 17, 1916, providing for the issuing of licenses to keep dram-shops, signed by more than ten per cent of the electors of the city, was filed in the office of the city clerk on May 5, 1916, and was presented by the clerk to the council the same day. The petition was referred to the city attorney, and the application of the appellee, Wedron J. Wanmer, to keep a dram-shop was granted and a license to keep the same from that day until the first Monday of May, 1917, was ordered. The next day the city clerk issued the license, and the appellee opened a dram-

shop in the city within the portion thereof located in the town of Rutland. The city attorney reported on the petition referred to him at the next regular meeting of the council held on May 8, 1916, and the city council refused to reconsider the ordinance or to submit it to a vote of the electors of the city. From the time that appellee received his license he sold and dispensed at retail intoxicating liquors by virtue thereof.

If it was made to appear to the court that the filing of the information had been inadvertently or improperly allowed under a misapprehension of the law or the facts, the court had power, during the term, to set aside the order granting leave to file the information. In hearing and deciding the motion the court was authorized to exercise discretion, but the discretion was not a personal, arbitrary one, but was a sound judicial discretion, resting upon well established rules of law. (*People* v. *Town of Thornton,* 186 Ill. 162; *People* v. *Mackey,* 255 id. 144; *People* v. *Union Elevated Railroad Co.* 269 id. 212.) The record does not exhibit any fact outside of or contrary to the averments of the petition which might properly influence the court in the decision of the motion, and it is not claimed that there was any such existing fact, so that the question to be determined is whether the petition showed sufficient ground for filing the information. The question of law relates to the application of section 48 of the act providing for the commission form of government. That section provides that no ordinance passed by the council, except when otherwise required by the laws of the State or by the provisions of the act, except an ordinance for the immediate preservation of the public peace, health and safety, which contains a statement of its urgency and is passed by a two-thirds vote of the council, shall go into effect within thirty days of its final passage, and if during the thirty days a petition signed by the electors of the city equal in number to at least ten per centum of the entire vote cast for all candidates for mayor

at the last preceding general municipal election at which a mayor was elected, protesting against the passage of such ordinance, be presented to the council, the same shall thereupon be suspended from going into effect and it shall be the duty of the council to reconsider the ordinance, and if the same is not entirely repealed the council shall submit the ordinance to a vote of the qualified electors of the city or village, and unless a majority of the electors voting on the same shall vote in favor thereof the ordinance shall not go into effect. Such a petition was presented in this case, and the council refused either to reconsider the ordinance or to submit the same to a vote of the electors but granted a license to the appellee before the ordinance could have taken effect under any construction of the law.

Counsel for the appellee say that when the petition for leave to file the information was presented to the court the ordinance had become effective, so that the question when the license was granted had become immaterial. Whether granting the license before the ordinance was in effect would of itself be sufficient ground for permitting the information to be filed will not require any attention, for the reason that if section 48 applied to the ordinance it was never in effect. The ordinance was not one excepted by section 48, since it was not one which the council was required by general laws of the State to pass, and it was not one for the immediate preservation of the public peace, health or safety and did not state any urgency for its passage for such purpose. There is no conceivable reason for excluding a dram-shop ordinance from the plain provision of the statute. Even if the electors of a municipality favor the issue of licenses for dram-shops, they may be vitally interested in an ordinance passed for that purpose with respect to the location of dram-shops, the license fee, or restrictions which they may deem advisable for their protection or in the public interest.

An ordinance is always necessary to authorize the issuing of a license to keep a dram-shop. The power to grant such licenses is conferred upon councils by the Cities and Villages act, but the statute itself does not authorize a city to grant a license. The power can only be put into operation by the passage of an appropriate ordinance authorizing the issuing of licenses, specifying who shall issue them, the length of time they shall run, the amount to be paid by the applicant and the time and manner of payment. (*People* v. *Village of Crotty,* 93 Ill. 180.) The power can only be exercised by the passage of an ordinance determining the amount to be paid and other necessary details and complying with the general law of the State with regard to dram-shop licenses. (*People* v. *Mount,* 186 Ill. 560.) The restriction against the granting of licenses in the town of Rutland had been removed by the vote which became effective on May 4, 1916, and the dram-shop was established in that part of the city within the territorial limits of the town of Rutland, but the removal of the restriction did not authorize granting a license except in pursuance of a valid ordinance passed for that purpose. The plain requirement of the law was, that if such an ordinance should be passed it should not go into effect for thirty days, and on the presentation of a petition within that time the council should reconsider the ordinance, and if not repealed it should be submitted to the electors at an election. There was no excuse for the refusal of the council to obey the law, and the petition provided for by the statute having been presented to the council, the ordinance did not go into effect.

The argument for the appellee does not advise the court of any reason for setting aside the leave to file the information and dismissing it except that it was evidently not the intention of the General Assembly to have such an ordinance submitted to the people for which no reason is given, and the further fact that the court acted from worthy motives, in the honest belief that it was for the best interests

276 — 30

of those concerned to set aside the leave and dismiss the information. That, of course, is beyond question, but the exercise of discretion is regulated by fixed principles of law and must be exercised in conformity with them. There was an entire disregard of the statutory method prescribed for the enactment of a valid ordinance in the city under the commission form of government, which is especially designed to preserve to the electors, by means of a referendum, the right to decide whether an ordinance shall become the law or not. The court erred in sustaining the motion of the appellee.

The judgment of the circuit court is reversed and the cause is remanded, with directions to restore the information to the files of the court and for further proceedings not inconsistent with the opinion of this court.

*Reversed and remanded, with directions.*