(No. 26522.— )

Roy F. Hall *et al.* Appellants, *vs.* The City of Kewanee *et al.* Appellees.

*Opinion filed January 22, 1942—Rehearing denied March 11, 1942.*

James H. Andrews, Fred J. Brown, Harper Andrews, and Campbell Andrews, for appellants.

Charles B. Blachinsky, George W. Hunt, and Robert E. Hunt, for appellees.

Mr. Justice Shaw delivered the opinion of the court:

On February 10, 1941, the city of Kewanee enacted an ordinance which amended its prior ordinance regulating the sale of alcoholic liquor. The changes principally affected the number of licenses and closing hours of places engaged

in the liquor business. Within thirty days subsequent to the passage and adoption of the ordinance, a petition was filed with the city clerk of the city of Kewanee protesting against the passage of the ordinance and requesting that it be repealed or, if not repealed, that the city council submit it to the vote of the electors of the city under the provisions of sections 47 and 48 of the Commission Form of Government act. Ill. Rev. Stat. 1939, chap. 24, pars. 312, 313.

No action was taken on the petition and the appellants, who are tavern keepers and licensees, filed a complaint in the city court of Kewanee seeking to enjoin the appellees from enforcing the provisions of the ordinance. A motion to dismiss the complaint was sustained. The appellants bring the cause directly to this court, the trial judge having certified that the issue included the validity of a municipal ordinance and that the public interest required a review of the case by this court.

In the trial court it was stipulated that the only question involved was whether or not the ordinance under consideration was subject to a referendum vote under the Commission Form of Government act.

To support the judgment of the trial court it is argued by the appellees that the ordinance in question is purely administrative, and therefore not subject to the referendum provided for by section 48 of the Commission Form of Government act. That section provides, in substance, that no ordinance passed by the council, except when otherwise required by the laws of the State or by the provisions of the act, except an ordinance for the immediate preservation of the peace, health and safety, which contains a statement of its urgency and is passed by two-thirds vote of the council, shall go into effect within thirty days of its final passage. If, during the thirty days, a petition signed by the electors of the city, equal in number to at least ten per cent of the entire vote cast for all candidates for mayor at the

last preceding general municipal election, protesting against the passage of such ordinance, be presented to the council, the ordinance shall thereupon be suspended from going into effect. It is further provided that it shall be the duty of the council to reconsider the ordinance, and if it is not entirely repealed the council shall submit it to a vote of the electors of the city or village, and unless a majority of the electors voting on the same shall vote in favor thereof, the ordinance shall not go into effect.

This question was before us in *People ex rel. Outman* v. *Wanmer,* 276 Ill. 460. In that case an ordinance was passed repealing a prior ordinance which had prohibited the sale of intoxicating liquors. A petition was filed under section 48, but no action was taken upon it by the city council. A license was issued to the appellee and a *quo warranto* action was filed questioning the validity of the license. In reversing the judgment in favor of the appellee this court said:— "The ordinance was not one excepted by section 48, since it was not one which the council was required by general laws of the State to pass, and it was not one for the immediate preservation of the public peace, health or safety and did not state any urgency for its passage for such purpose. There is no conceivable reason for excluding a dramshop ordinance from the plain provision of the statute. * * * An ordinance is always necessary to authorize the issuing of a license to keep a dramshop. The power to grant such licenses is conferred upon councils by the Cities and Villages act, but the statute itself does not authorize a city to grant a license. The power can only be put into operation by the passage of an appropriate ordinance authorizing the issuing of licenses, specifying who shall issue them, the length of time they shall run, the amount to be paid by the applicant and the time and manner of payment. (*People ex rel. Besse* v. *Village of Crotty,* 93 Ill. 180.) The power can only be exercised by the passage of an ordinance determining the amount to be paid and other necessary details and

complying with the general law of the State with regard to dramshop licenses. (*People ex rel. Conlon* v. *Mount,* 186 Ill. 560.) The restriction against the granting of licenses in the town of Rutland had been removed by the vote which became effective on May 4, 1916, and the dramshop was established in that part of the city within the territorial limits of the town of Rutland, but the removal of the restriction did not authorize granting a license except in pursuance of a valid ordinance passed for that purpose. The plain requirement of the law was, that if such an ordinance should be passed it should not go into effect for thirty days, and on the presentation of a petition within that time the council should reconsider the ordinance, and if not repealed it should be submitted to the electors at an election. There was no excuse for the refusal of the council to obey the law, and the petition provided for by the statute having been presented to the council, the ordinance did not go into effect."

It is not disputed in this case, but on the other hand it is admitted by all parties, that the enactment in question is an ordinance and not a mere resolution. That fact is apparent from the reading of it and requires no argument. It is contended by the appellees that the Liquor Control act is administrative in character and complete in itself, and that the Liquor Control Commission, as well as the city council, cannot make regulations which will completely negative the right to sell liquor at retail, such prohibition being limited to certain sections of the act which must be submitted to the voters of the municipality by referendum. It is also stated in their behalf that the commission is authorized to hear complaints and a review of their decisions may be had before the State Liquor Control Commission and further by the circuit court. They also urge that the powers granted to the city council by the Liquor Control act are administrative in character and, further, that the Liquor Control act repealed section 46 of article 5 of the Cities and Villages act. Ill. Rev. Stat. 1939, chap. 24, par. 65.45.

All of these propositions submitted by the appellees might be conceded for the purposes of this opinion without altering the result in this case.

It is true, and it is conceded in the brief for the appellees, that the city may determine the number, kind and classification of licenses for sale at retail of alcoholic liquor not inconsistent with the statute, and may determine the amount of license fee to be paid for the respective kinds of licenses to be issued and may establish or fix such further regulations and restrictions upon the issuance and operation under local licenses not inconsistent with the law, as the public good and convenience may require. It is not even urged in the briefs that the Liquor Control act in any way amended or modified or attempted to amend or modify the law in regard to cities under the commission form of government, nor the manner in which ordinances must be passed by a city council under that form of government. It is to be noted that the provisions of the Liquor Control act are permissive only,—*i.e.,* that the city may determine certain things and make certain regulations and restrictions. There is no mandatory language requiring the city to pass any such acts except at its own discretion and the case therefore falls squarely within the authority of *People* v. *Wanmer, supra.* The ordinance in question never went into effect and the city court erred in sustaining the motion to dismiss.

The judgment of the city court of the city of Kewanee will therefore be reversed and the cause remanded to that court, with directions to overrule the motion to dismiss the complaint.

*Reversed and remanded, with directions.*