(No. 29872.—

THE PEOPLE ex rel. Victor L. Schlaeger, County Collector,
Appellant, vs. THE ILLINOIS CENTRAL RAILROAD COM-
PANY, Appellee.

*Opinion filed January 22, 1947.*

WILLIAM J. TUOHY, State's Attorney, LESLIE J. SMITH,
JR., Village Attorney, and TOLMAN, MEGAN & BRYANT,
(JACOB SHAMBERG, GORDON B. NASH, JOSEPH H. O'CON-
NOR, and HOWARD B. BRYANT, of counsel,) all of Chicago,
for appellant.

W. Parks Martin, III, and R. C. Beckett, (V. W. Foster, of counsel,) all of Chicago, for appellee.

Mr. Justice Thompson delivered the opinion of the court:

The Illinois Central Railroad Company filed objection, in the county collector's proceeding in the county court of Cook county, to all village taxes of the village of Forest Park for the year 1942, except those levied for bonds and interest. The county court sustained the objection on the ground that there was no valid appropriation ordinance in force and effect at the time the ordinance levying the taxes was passed, and entered judgment in favor of the objector for a refund of the taxes which it had previously paid in full under protest. The county collector now seeks to reverse the judgment on appeal. The only question involved is the question of law whether the annual appropriation ordinance of a village operating under the statutory provisions for commission form of municipal government is controlled by section 19-69 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1945, chap. 24, par. 19-69,) which provides that with certain exceptions no ordinance shall go into effect before thirty days from the time of its final passage.

The facts are stipulated and are as follows: The village of Forest Park, since 1913, has been operating under the commission form of municipal government. Its fiscal year commences on May 1. The appropriation ordinance of the village for the fiscal year commencing May 1, 1942, and ending April 30, 1943, was introduced at a meeting of the village council held on June 15, 1942, and placed on file for public inspection, and at a meeting of the council held on June 22, 1942, passed by the unanimous vote of every member of the council, after having remained on file for one week with the village clerk for public inspec-

tion in the form in which it was finally passed. It was published in full June 25, 1942, in a secular newspaper of general circulation, which had been published weekly in the village for more than six months prior to the publication of said appropriation ordinance therein. No petition protesting against the passage of the ordinance or calling for a referendum vote on the same was ever circulated or filed with the village clerk. July 13, 1942, the council of the village passed the tax levy ordinance for the fiscal year.

The collector concedes that the appropriation ordinance must be in force and effect at the time the taxes are levied, and that a tax levy ordinance is void if passed before the appropriation ordinance becomes effective. His contention is that the effective date of the appropriation ordinance in question was not postponed until thirty days after its final passage, but that it went into full force and effect in ten days after its publication. He claims that said section 19-69 has no application to annual appropriation ordinances of municipalities operating under the act, but the effective date of such ordinances is controlled by section 10-3 of the Revised Cities and Villages Act, providing that no ordinance making any appropriation shall take effect until ten days after its publication.

Section 19-69 provides that, "Except when otherwise required by the laws of the State, including this Act, and except local improvement ordinances, and except an ordinance for the immediate preservation of the public peace, health, or safety, which contains a statement of its urgency and is passed by a vote of at least four members of the council, no ordinance passed by the council shall go into effect before thirty days from the time of its final passage. If, during this thirty-day period a petition signed by the electors of the municipality equal in number to at least ten per cent of the entire number of votes cast for the candidates for mayor at the last preceding general quadrennial

municipal election, protesting against the passage of such an ordinance, is filed with the municipal clerk, the ordinance shall be suspended from going into operation, and the council shall reconsider the ordinance." This section further provides that if the ordinance is not entirely repealed, the council shall submit the ordinance to a vote of the electors of the municipality, and unless a majority of the electors voting on the ordinance vote in favor thereof the ordinance shall not go into effect.

Section 19-4 of the Revised Cities and Villages Act provides that all cities and villages adopting the commission form of government, "in addition to all rights, powers and authority conferred upon them elsewhere in this Act, shall have the rights, powers and authority conferred in this article," the article mentioned being the provisions for commission form of municipal government as the same were incorporated in the Revised Cities and Villages Act of 1941 as article 19 thereof.

Section 19-79 of said article 19 provides that all acts and parts of acts in conflict with said article are inoperative in municipalities under the commission form of government, with the exception of the local improvement law, any public-school law and any of the several acts contained in chapter 105 of the Revised Statutes entitled "Parks."

Section 19-52 provides that every ordinance or resolution appropriating any money shall remain on file with the municipal clerk for public inspection, in the form in which it is finally passed, at least one week before the final passage thereof; but no other mention is made in the act concerning ordinances appropriating money and no provision is made in the act for an annual appropriation ordinance or for an annual tax-levy ordinance.

Section 15-1 of the Revised Cities and Villages Act provides that in municipalities with 500,000 or less inhabitants, the corporate authorities shall pass the annual appropriation ordinance within the first quarter of each fiscal

year, and that in this ordinance the corporate authorities may appropriate such sums of money as are deemed necessary to defray all necessary expenses and liabilities of the municipality, and shall specify the objects and purposes for which these appropriations are made, and the amount for each object or purpose.

Section 16-1 of the Revised Cities and Villages Act grants to the corporate authorities the power to levy and collect taxes for corporate purposes. This power to tax, however, is given subject to the condition that the corporate authorities shall, on or before the date in said section specified, ascertain the total amount of appropriations legally made for all corporate purposes to be provided for by the tax levy for that year, and then by an ordinance specifying in detail the purposes for which the appropriations have been made and the amount appropriated for each purpose, respectively, shall levy not to exceed the total amount so ascertained. The statute requires that all appropriations shall be made and the annual appropriation ordinance passed within the first quarter of the fiscal year before the power to levy taxes is exercised.

The collector takes the position that an appropriation ordinance is administrative and not legislative in character, and therefore not within the purview of section 19-69 granting to the electors of a city or village the right to a referendum. However, if the ordinance in question comes within any of the express exceptions contained in said referendum section, it is unnecessary for us to decide whether said section providing that, with certain exceptions, no ordinance shall go into effect before thirty days from the time of its final passage, etc., should be construed as meaning that, with the exceptions specified, no ordinance the subject matter of which is legislative in character, shall go into effect before thirty days, etc. Hence, the first question for our consideration is whether an annual appropriation ordinance of a city or village operating

under the commission form of municipal government comes within any of the express exceptions contained in said referendum section.

The section specifies three exceptions. They are (1) except when otherwise required by the laws of the State, including the act itself; (2) local improvement ordinances; and (3) an ordinance for the immediate preservation of the public peace, health or safety, which contains a statement of its urgency. Appellant suggests that the ordinance comes within the third exception by reason of the fact that it makes appropriations for the police department, the fire department, and the department of health and safety. Ordinances for the preservation of the public peace, health or safety are police ordinances, and their enactment is in the exercise of the police power of the municipality. (*Village of La Grange* v. *Leitch,* 377 Ill. 99.) We do not think it can be seriously contended that the annual appropriation ordinance of a village is a police ordinance or an exercise of the police powers of the village. The annual appropriation and tax-levy ordinances are adopted by the council in its orderly administration of municipal affairs and not as emergency measures.

It is contended by appellant that an annual appropriation ordinance is one required by the general laws of the State and therefore not subject to referendum. Appellee, on the other hand, takes the position that the council is not compelled by the laws of the State to adopt an appropriation ordinance, but may do so if it desires, and that therefore such an ordinance is not excepted by the provisions of section 19-69 from the ordinances required to be referred under the section.

This referendum section grants to the electors of a city or village operating under the commission form of government the right to reject and annul ordinances except when otherwise required by the laws of the State. The ordinances which the laws of the State require not to be an-

nulled at the will of the voters by referendum can be none other than those which the council is under a positive duty and obligation to enact. (*Hall* v. *City of Kewanee,* 379 Ill. 176; *People ex rel. Outman* v. *Wanmer,* 276 Ill. 460.) If the referendum statute should be construed as subjecting to recall by referendum those ordinances which are mandatory, as well as those the enactment of which is permissive, then the legislature, after imposing upon the council a positive duty, has vested the electors of the municipality with the power to nullify and set at naught the statute imposing the duty. In the absence of explicit statutory pronouncement to that effect, we cannot impute to the legislature such an unreasonable intent, but must construe the ordinances included within the first exception in the referendum section as being those ordinances whose enactment is mandatory. Hence, if the passage of an annual appropriation ordinance is mandatory, it is not subject to referendum and the provisions of section 19-69 do not apply.

We do not think it can be doubted that the provisions of section 15-1 of the Revised Cities and Villages Act requiring the passage of an annual appropriation ordinance within the first quarter of each fiscal year, appropriating therein such sums of money as are deemed necessary to defray all necessary expenses and liabilities of the municipality, are mandatory and impose upon the corporate authorities of the municipality an affirmative and positive duty. (*Riverside Co.* v. *Howell,* 113 Ill. 256; *People ex rel. O'Connell* v. *Read,* 261 Ill. 502.) Section 15-2 of the Revised Cities and Villages Act provides that neither the corporate authorities nor any department or officer of any municipality shall add to the municipal expenditures in any fiscal year anything over and above the amount provided for in the annual appropriation ordinance of that year. Section 15-3 prohibits the making of any contract or the incurring of any expense unless an appropriation

has been previously made therefor and provides that any contract made or expense incurred without such appropriation shall be null and void as to the municipality. Section 19-55 declares it unlawful for the council or any commissioner in any city or village operating under the commission form of municipal government to expend, directly or indirectly, a greater amount for any municipal purpose than the amount appropriated for that purpose in the annual appropriation ordinance passed for that fiscal year, and provides for a fine to be imposed upon any member of the council violating this provision. These various sections of the statute indicate unmistakably that the adoption of an annual appropriation ordinance is mandatory and that the ordinance is not one which is merely permissive and which the council may or may not pass, as it sees fit.

Appellee says that there are reasons easily conceivable for a thirty-day waiting period other than to provide an opportunity for a referendum, that in this case there was no petition for a referendum, and that whether the ordinance was subject to a referendum is irrelevant and immaterial in the present instance. A similar argument was made in the case of *Village of Crotty* v. *Domm*, 338 Ill. 228, and held not sustainable. We there stated that it is evident that in providing a period of thirty days during which the ordinance does not go into effect the purpose is to give an opportunity for protest and referendum, and that where the ordinance is not subject to referendum there is no reason for the delay, and therefore the provisions of the section as to the time when the ordinance becomes effective do not apply.

For the reasons we have above stated, the judgment of the county court is reversed and the cause is remanded, with directions to overrule appellee's objection and enter judgment in favor of appellant.

*Reversed and remanded, with directions.*